■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE WHITE, Appellant.— Appeal by defendant from judgment of the Supreme Court, Kings County, rendered February 14, 1964, convicting him of robbery in the first degree, grand larceny in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to serve concurrent terms of 10 to 20 years on the robbery count and 2½ to 5 years on each of the grand larceny and assault counts. Judgments modified on the law and the facts by reducing the sentence to a "reformatory term" not in excess of 5 years, pursuant to section 2184-a of the Penal Law. As so modified, judgment affirmed. While we agree that it was error for the police officer to testify as to the complainant's previous identification of the defendant, it is our opinion that such testimony did not affect any substantial right of the defendant. Under the circumstances disclosed in this record, it must be held that there was no reasonable probability that the incompetent evidence influenced the jury's verdict and, therefore, the error in admitting such evidence may be disregarded under section 542 of the Code of Criminal Procedure (cf. *People* v. *Friedberg,* 24 A D 2d 1008 [2d Dept.]; *People* v. *Alexander,* 13 A D 2d 520). With respect to the sentence imposed upon defendant, however, it is our opinion that it was

excessive and that the court abused its discretion by not imposing a reformatory term pursuant to section 2184-a of the Penal Law. Brennan, Hill, Rabin and Hopkins, JJ., concur; Christ, Acting P. J., dissents and votes to affirm the judgment without modification of sentence, with the following memorandum: This defendant's criminal record and his association with notorious youth gangs convince me that the experienced court which imposed this sentence exercised a sound discretion we should not disturb. Prior to this conviction, defendant had been adjudged a juvenile delinquent for an offense of felony grade (assault and robbery) for which he was sent to the New York State Training School. While on parole from that institution, he committed another offense (automobile theft) for which he was sentenced as a youthful offender to the New York City Reformatory. Again paroled, and again trusted to abide in the community, he committed the crimes presently under review. In addition, he has been arrested several times and has maintained successive memberships in three of the more troublesome youth gangs in Brooklyn, in one of which he admits to having been a "war lord". Imprisonment has several major objectives: rehabilitation of the criminal, protection of the community against his depredations and deterrence of criminal behavior in others. In my opinion, to allow the trial court's sentence to stand undisturbed would best serve all these objectives. It would allow more adequate opportunity to restrain this defendant, who is still young and whose restraint prior leniency has not accomplished. It would, more effectively than any words, serve as a message to defendant's fellow "Stompers", "Bishops" and "Chaplains" of the consequences of repeated felonious molestation of decent, law-abiding citizens. At the very least, it would deny this defendant a too-soon renewed privilege to prey on his fellow human beings.